PUBLIC UTILITY COMMISSION
OF TEXAS et al., Petitioners,

v.

TEXAS UTILITIES ELECTRIC
COMPANY et al.,
Respondents.

No. 94–1071.

Supreme Court of Texas.

Feb. 9, 1996.

Rehearing Overruled Jan. 10, 1997.

Geoffrey M. Gay, Steven A. Porter, Dan Morales, Steven Baron, Susan Bergen Schultz, Elizabeth R.B. Sterling, Austin, for Petitioners.

Stephen Gardner, Ellen Greer, Stefan H. Krieger, Brad Sutera, Patrick Gattari, Dallas, Alan Holman, James W. Checkley, Jr., Mark W. Smith, Austin, Peggy Wells Dobbins, Coral Gables, FL, Dick Terrell Brown, Walter Washington, Stephen Fogel, Marion Taylor–Drew, Jack W. Smith, Mark R. Davis, Austin, William H. Burchette, A. Hewitt Rose, Washington, DC, Jonathan Day, Houston, Michael G. Shirley, Rupaco T. Gonzalez, David C. Duggins, Fernando Rodriguez, Roy Q. Minton, John L. Foster, Austin, J. Dan Bohannan, Dallas, Walter Demond, Austin, Robert M. Fillmore, Howard V. Fisher, Robert A. Wooldridge, Dallas, for Respondents.

PER CURIAM.

This is an appeal from a final order of the Public Utility Commission in a ratemaking proceeding initiated by Texas Utilities. The district court reversed the Commission's order in certain respects and remanded the case for further proceedings. The court of appeals reversed the district court's judgment but also remanded the case to the Commission. 881 S.W.2d 387. We find but one error in the court of appeals' opinion warranting our review.

The Commission refused to reduce Texas Utility's income tax expenses by potential savings from consolidated tax returns with the Texas Utilities' affiliates, by savings from available deductions for disallowed capital and operating expenses, and by savings from available deductions for interest expense. The court of appeals held that the Commission should have used an "actual taxes paid" and not a "hypothetical tax" standard in applying Section 41(c)(2) of the Public Utility Regulatory Act, Act of June 2, 1975, 64th Leg., R.S., ch. 721, § 41(c)(2), 1975 Tex.Gen. Laws (formerly Tex.Rev.Civ.Stat.Ann. art. 1446c, § 41(c)(2), recodified without change as Section 41(c)(2) of the Public Utility Regulatory Act of 1995, id. art. 1446c–0, § 2.208(c)). From this the court of appeals concluded that the Commission should have reduced Texas Utility's estimated income tax expense by: (1) the utility's "fair share" of savings from consolidated tax returns with the utility's affiliates; (2) the utility's available deductions for disallowed capital and noncapital expenses; and (3) available deductions for interest expense "to the extent that we continue to require the Commission to pass through to ratepayers any tax benefits from interest expense deductions", but not necessarily immediately. The latter saving,

the court explained, must be allocated between present and future ratepayers, in the Commission's discretion. 881 S.W.2d at 398–400.

The appeals court's opinion preceded and conflicts with our decision in *Public Utility Commission v. GTE–Southwest, Inc.,* 901 S.W.2d 401 (Tex.1995). There we held that neither PURA § 41(c)(2) nor the reference to taxes "actually incurred" in *Public Utility Commission v. Houston Lighting & Power Co.,* 748 S.W.2d 439, 442 (Tex.1987), required the Commission to apply an "actual-taxes-paid" methodology to estimate a utility's income tax expense. We held that the Commission "has neither the power nor the discretion to consider expenses disallowed under section 43(c)(3)." 901 S.W.2d at 411. Although we did not directly address whether the Commission is required to recognize available deductions for disallowed capital costs, as opposed to noncapital costs, *id.* at 411–12, our reasoning applies equally to both.

Regarding deductions for interest expenses, Texas Utilities argues that the court of appeals erred "to the extent" it required that tax deductions related to assets not included in rate base be passed on to ratepayers. If Texas Utilities refers to assets that are not *currently* included in the rate base but will be in the future, its argument may be that related interest deductions should be allotted to future ratepayers. All such matters are within the Commission's discretion, which was properly exercised in this case. If Texas Utilities refers to assets that will *never* be included in the rate base because they have been disallowed, then its argument may be that related interest deductions should be treated consistently with other deductions for disallowed capital expenses. We agree.

Because the opinion of the court of appeals conflicts with our decision in *GTE–Southwest,* we grant Texas Utilities' application for writ of error, and without hearing oral argument, reverse the judgment of the court of appeals to the extent that it conflicts with this opinion. TEX.R.APP.P. 170. Texas Utilities' application does not complain of any other error in the court of appeals' opinion

that requires reversal. We deny the applications of the Public Utility Commission, the Office of Public Utility Counsel, and the Cities of Arlington, et al. *Id.* Rule 133. Thus, the judgment of the court of appeals is, in all other respects, affirmed.